```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

ARTHUR NEIL EVANS, : NO. 1:09-CV-00791
:
      Plaintiff, :
:
    v. : **OPINION AND ORDER**
:
UNITED PARCEL SERVICE, INC., :
:
      Defendant. :

      This matter is before the Court on Defendant's Motion for Reconsideration of the Court's Summary Judgment Decision (doc. 49), Plaintiff's Response in Opposition (doc. 50), and Defendant's Reply (doc. 51). For the reasons indicated herein, the Court DENIES Defendant's motion.

**I. Background**

      This case involves a long-term employee of Defendant, who was terminated shortly after taking four months of Family and Medical Leave Act ("FMLA") leave. Defendant claims it terminated Plaintiff based on its view that Plaintiff failed to report an accident, and "stole company time," an hour and twenty minutes, while getting a repair in the company shop.

      In its Order rejecting Defendant's motion for summary judgment, the Court found Plaintiff had proffered adequate evidence such that a reasonable jury could find Defendant retaliated against him for taking FMLA leave (doc. 45). The Court noted that

Plaintiff's termination came only a few months after taking such leave, and that a jury could infer that at least one decision-maker involved in the termination decision was aware of Plaintiff's leave (Id.).  The Court further found that a jury could find Defendant's proffered legitimate justification for its action as pretext, taking into consideration all of the other drivers who did not report accidents at all, and who suffered much less severe consequences (Id.).  The Court noted the record showed Plaintiff met performance expectations in his position, passed yearly safety reviews, and earned every promotion available to him (Id.).  The Court indicated a reasonable jury would certainly take pause at Defendant's termination of such an employee, who had worked for nearly twenty five years, based on the "dishonesty" of "stealing time" while getting repairs in the company shop (Id.). The Court noted that Plaintiff did not attempt to hide the accident by seeking repairs secretly somewhere else (Id.).  Under such circumstances the Court indicated it seemed harsh and unfair to characterize Plaintiff's actions as dishonest and meriting termination.  As the record showed other drivers completely failed to report accidents, the Court concluded a jury could find Defendant's proffered justification was not the real reason for Plaintiff's termination (Id.).  As such, the Court denied Defendant's motion for summary judgment as to Plaintiff's claim for FMLA retaliation (Id.).

**II. Analysis: Defendant's Motion for Reconsideration**

To obtain judicial reconsideration of a judicial decision, a disappointed litigant must do more than simply claim the Court erred. Considerations of finality require that a motion for reconsideration may only be granted when the litigant has shown 1) new evidence that was not previously available, 2) an intervening change in controlling law, or 3) a decision by the court that is so "clearly erroneous" as to "work a manifest injustice." Petition of the United States Steel Corp., 479 F.2d 489, 494 (6th Cir.), cert. denied, 414 U.S. 589 (1973). Defendant has not proffered new evidence previously unavailable, nor has Defendant shown any change in controlling law. Defendant has instead attacked the Court's reasoning as erroneous on four grounds (doc. 49). Defendant argues the Court 1) relied on two irrelevant notes from Plaintiff's doctors, which are inadmissible hearsay; 2) failed to address that Plaintiff's alleged misconduct broke the causal connection between his leave and his discharge; 3) allowed Plaintiff to compare himself to others who were not similarly-situation; and 4) improperly judged Defendant's discharge of Plaintiff as "harsh and unfair" (Id.).

As for its first argument, Defendant contends that when deposed, Plaintiff admitted "misconduct" in that he should have reported his accident immediately, but did not (Id.). As such, Defendant claims Sixth Circuit precedent prohibits Plaintiff from

-3-

establishing causation based on temporal proximity between his leave and termination (Id., citing Vereeke v. Huron Valley School District, 609 F.3d 392 (6th Cir. 2010), Pharakhone v. Nissan North America, Inc., 324 F.3d 405 (6th Cir. 2003)).  The Court rejects Defendant's notion.  Notwithstanding the fact that the Court finds dubious "admissions" made in depositions, which usually amount to statements taken out of context, and which parties can explain on the stand for a credibility determination by a jury, the Court simply reads Defendant's cited authorities differently.  In both Vereeke and Pharakhone, there was no question that the employees had violated policies.  In Pharakhone, the employee had been instructed not to work while on leave, but did so anyway.  324 F.3d 405, 408.  In Vereeke, an athletic coordinator at a public school acted outside his authority in drafting a contentious letter that he alone signed on behalf of a committee, he yelled profane language at students, and he removed property from the school premises.  609 F.3d 396-99.  No reasonable jury in either case would have been able to find the employee did not violate policies. Here, in contrast, Defendant's narrow reading of its policy as to Plaintiff, in contrast to its treatment of other drivers who had accidents, creates an entirely different scenario.  Plaintiff took the truck to the company shop for repairs, and then was accused of lying and stealing company time.  A reasonable jury could find Defendant's proffered reason for terminating Plaintiff has no basis

in fact.

As for its second argument, Defendant contends the Court relied on inadmissible and irrelevant doctors' notes from 2002 and 2003. Defendant contends there is no evidence of any connection between the notes and Plaintiff's claim of retaliation in 2008. Defendant further contends the notes are hearsay.

The Court again disagrees. A reasonable jury could view the notes as reflecting a company culture where leave is discouraged and disdained. The notes do not constitute hearsay, as Plaintiff argues, because they involve statements made for purposes of a medical diagnosis, recorded recollections, and records of regularly conducted activity. Fed. R. Evid. 803(4-6).

Defendant next argues the Court allowed Plaintiff to compare himself to employees who are not similarly situated (docs. 49, 51). Defendant contends the other employees were not accused of stealing company time, that the others in accidents did not know they had accidents, and that the others had different supervisors and decision-makers (Id.). Plaintiff responds that Defendant errs in taking an exceedingly narrow interpretation of the similarly-situated standard (doc. 50). The Court agrees with Plaintiff. Plaintiff was similarly-situated in all relevant respects. Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344 (6th Cir. 1998). Like the other employees he was a driver who technically failed to report an accident. All were subject to the same policy.

The others did not lose their employment, while Plaintiff did. <u>McDonald v. Santa Fe Transp. Co.</u>, 427 U.S. 273, 282 (1976)(a plaintiff need only to show that one or more employees not in the protected group had engaged in acts of "comparable seriousness. . .were nevertheless retained or rehired").

Finally, Defendant argues the Court erred in substituting its judgment for that of the employer, because it found Defendant's characterization of Plaintiff's conduct as "harsh and unfair." Such observation was merely dicta in its opinion, and the Court stands by its observation that it has never seen a situation where an employee obtaining a repair in a company shop was accused of lying and stealing time. The ultimate question is whether a reasonable jury could come to the conclusion that Defendant's proffered reason for Plaintiff's termination was pretext. Taking all inferences in favor of Plaintiff, as it is required to do in the context of evaluating a summary judgment motion, the Court answered and answers such question in the affirmative.

**III. Conclusion**

Defendant has not proffered new evidence previously unavailable, nor has Defendant shown any change in controlling law. Defendant has instead attacked the Court's reasoning as erroneous on four grounds, each of which the Court rejects as lacking in merit. Allowing Plaintiff the opportunity to present his FMLA retaliation claim before a jury, the practical result of the

Court's decision, in no way works a "manifest injustice." Defendant can present its proffered reasons for terminating Plaintiff, and the jury can decide whether they were legitimate or pretext for unlawful retaliation.

Accordingly, the Court DENIES Defendant's Motion for Reconsideration of the Court's Summary Judgment Decision (doc. 49). The Court further SETS this matter for final pretrial conference at 2:00 P.M. on January 17, 2012, and for a four-day jury trial to commence on February 14, 2012.


SO ORDERED.


Dated: December 7, 2011         /s/ S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge