```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

ARTHUR NEIL EVANS,              :

       Plaintiff,               :     NO. 1:09-CV-00791

     vs.                       :

                                      :     **OPINION AND ORDER**

UNITED PARCEL SERVICE, INC.,     :

       Defendant.             :

       This matter is before the Court on Plaintiff's Motions in Limine (docs. 60, 61) and Defendant's Responses in Opposition (docs. 65, 66). The Court discussed these motions with the parties in conference prior to trial. So as to ensure a complete record, the Court issues the instant Order, memorializing its GRANT of such motions to the extent indicated herein.

       As an initial matter, the Court appreciates the parties having briefed these matters prior to trial, as such briefing assisted the Court in ruling on the questions presented. Plaintiff's first motion requested the Court to exclude evidence of his prior work record, discipline, and work history (doc. 61). Defendant opposed such motion, indicating in its view that if it were barred from presenting such evidence, the jury could be misled into believing Plaintiff had an unblemished record for the length of his twenty-two year long employment (doc. 65). The Court found it in the interests of justice to grant Plaintiff's motion as his

prior work history would be prejudicial to Plaintiff, it was irrelevant, and it would risk to confuse the jury.  Fed. R. Evid. 401.  However, the Court also found Defendant's position well-taken regarding a potential inference that could arise in the jury's view with regard to the length of Plaintiff's employment.  As such the Court indicated to the parties that should Plaintiff enter into evidence the length of his employment, he would also open the door to the admission of his prior work record, discipline, and accident history.

In Plaintiff's second motion he requested the Court exclude evidence and argument with respect to the Ohio Panel Decision (doc. 60).  Plaintiff also sought to exclude any evidence of determinations from the Equal Employment Opportunities Commission and the Ohio Civil Rights Commission (Id.).  In Plaintiff's view the decisions and proceedings involved different legal standards, reviewed different evidence and did not consider whether Plaintiff was terminated in retaliation for taking FMLA leave (Id.).  Defendant opposed such motion as in its view the decision was relevant evidence showing the legitimacy of its termination decision (doc. 66).  The Court found highly instructive the decision in Mitchell v. County of Wayne, Case No. 05-73698, 2007 U.S. Dist. LEXIS 18549, *14-15 (E.D. Mich. March 16, 2007), in which the court was similarly confronted with a liminal motion in a FMLA action, where a plaintiff sought to exclude evidence of his

grievance and arbitration proceedings and decision on the same basis as Plaintiff here.  The Mitchell court found the arbitrator's decision involved construction of the collective bargaining agreement, which had "no bearing on Plaintiff's rights under the FMLA."  2007 U.S. Dist. LEXIS 18549 at *15.  The Court further noted, "[m]ore significantly. . . the arbitrator's decision is not to be substituted for the decision making authority of the jury. . .which involves issues separate and different from those in the grievance procedure."  Id.  As such, the Court instructed the Defendant that it would be barred from introducing any evidence of the result of Plaintiff's grievance proceeding, that it could only make oblique reference to such proceeding, but that any statements Plaintiff may have made during any proceeding could be relevant and admissible.  Fed. R. Evid. 403.

      Accordingly, the Court GRANTED Plaintiff's Motions in Limine (docs. 60, 61) to the extent indicated herein.


      SO ORDERED.


Dated: March 20, 2012      /s/ S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge